UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT PRECIADO,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>OFFICER SALAS and OFFICER CORONA of the PALIER POLICE DEPARTMENT,<br><br>　　　　Defendants.<br>_____ / | Case No. 1: 13-cv-0390-LJO-BAM<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |

Pending before the Court is Plaintiff Albert Preciado's ("Plaintiff") complaint, which was filed on March 18, 2013. Plaintiff is proceeding *pro se* and *in forma pauperis* with an action for monetary damages and other relief. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302.

**I.     Screening Requirement**

The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and in forma pauperis. 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678-79; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are merely consistent with a defendant's liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II. Plaintiff's Complaint

The entirety of Plaintiff's complaint consists of a short paragraph listing injuries he suffered sometime before, during, or after his arrest. Plaintiff states:

> The time is around 12:00 p.m. past on Nov. 25, 2012 on the address 725 Second and J in Parlier Police Dept. Seen while leaving the house. Man coming out of house Albert Preciado, hands and guns are both [illegible] drawn. Hesitation of the alleged not contact is made, alleged is then been taken into custody not butz [sic] police officers procedure is been taken string of violence is then started. Alleged body with multiple lacerations, scrapes, and bumps and passable contusion (to brain) (injury to right side) of the transversal part of the body; cut over bridge of lip and bottom portion of the right leg (lower interior) motions less 15 min. body until ENT have been notified and arrived. (Key points) taken to hospital then into county jail. Arresting [illegible] Parlier Police Department.

Further attached to Plaintiff's complaint is a stick figure illustration titled "My Body Diagram." Plaintiff's drawing shows a stick figure outline with a "neck brace" on the "transversal area" and some shading apparently indicating "bruising under aux." (Doc. 1 at 6). At the bottom of the drawing, Plaintiff indicates that he "was taken to the Fresno Regional Medical Center" where he stayed "overnight." (Doc. 1 at 6).

**III. Discussion**

    **A. Plaintiff's Complaint Fails to Comply With Rule 8**

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint is defective because it does not set forth any claims, but merely recites a vague and confusing narrative describing incidents that occurred during or after Plaintiff's arrest. Plaintiff's narrative is particularly confusing because it is entirely unclear when and how Plaintiff suffered his injuries. It appears that Plaintiff was arrested on November 25, 2012. Sometime around his arrest, Plaintiff incurred injuries resulting in his hospitalization at the Fresno Regional Medical Center. However, it is impossible to discern the precise claims Plaintiff is seeking to raise against which Defendants and the factual allegations that support those claims. Further, Plaintiff's complaint fails to state who caused his injuries and what cause of action or claim he is pursuing against Defendants. In sum, the complaint lacks specific, clearly defined facts or valid, cognizable legal theories. Plaintiff's complaint must give the defendant fair notice of Plaintiff's claim or claims. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff does not clearly delineate his claims or identify the legal basis or bases for this lawsuit and therefore his complaint does not comply with Rule 8. Therefore, Plaintiff has not stated a claim on which relief may be granted.

    Generally, the Court liberally construes *pro se* pleadings. Plaintiff's Complaint, however, fails to articulate a single claim for relief and is so lacking in factual allegations that there is no discernible cause of action to be inferred. While the Court cannot completely discern what Plaintiff claims, it appears Plaintiff seeks to hold others responsible for his injuries. Plaintiff offers no factual or legal basis to legitimize such a claim. Accordingly, Plaintiff's Complaint fails to provide "fair notice" of the claims being asserted and the "grounds upon which [they] rest." *Yamaguchi v. United States Dep't of the Air Force,* 109 F.3d 1475, 1481 (9th Cir.1997).

Plaintiff's complaint will be dismissed with leave to amend because it fails to allege facts sufficient to state a claim upon which relief can be granted. Plaintiff will be granted leave to amend to revise his complaint to allege facts sufficient to support a cognizable claim. Plaintiff may not change the nature of this suit by adding new, unrelated claims in the first amended complaint. *George v.*

*Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff chooses to amend, the Court will require Plaintiff to identify each separate claim under separate and readily identifiable headings. Plaintiff must enumerate each separate claim as "First Claim for Relief," "Second Claim for Relief" "Third Claim for Relief," *etc.* Under each claim for relief, Plaintiff must provide a short and plain statement of the facts relevant to that particular claim.

Plaintiff is advised that an amended complaint supercedes all prior complaints, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King,* 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

**B.     Excessive Force**

As best the Court can glean from Plaintiff's Complaint**,** Plaintiff appears to allege that Defendants used excessive force against him in violation of the constitutional right to be free of such force. It remains unclear from the pleadings whether Plaintiff had been convicted of a crime at the time of the alleged violations.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Claims for excessive force, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the Fourteenth Amendment reasonableness standard. *Gibson v. County of Washoe*, 290 F.3d 1175, 1185-86 (9th Cir. 2002); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Claims for excessive force, when brought by a prisoner who has been charged and convicted, are analyzed under the Eighth Amendment cruel and unusual punishments standard. *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

The Due Process Clause of the Fourteenth Amendment protects pre-trial detainees from the use of excessive force. *Redman v. County of San Diego*, 942 F.2d 1435, 1440 (9th Cir. 1991) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). In resolving a substantive due process claim, courts must balance "several factors focusing on the reasonableness of the officers' actions given the

circumstances." *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990) (*quoting Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987)) (overruled on other grounds)). In *White*, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *White,* 901 F.2d at 1507.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. *Wilkins,* 559 U.S. at 38; *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 9-10.

Whether force used by prison officials was excessive for purposes of the Eighth Amendment is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley*, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins*, 130 S.Ct. at 1176-77.

Plaintiff's allegations about a "string of violence" resulting in his multiple injuries may constitute unreasonable and excessive force where unnecessary and unjustified under the

5

circumstances. However, Plaintiff provides no facts regarding how he incurred his injuries, the specific events immediately leading up to the use of force, the amount and duration of force applied, and his response to force. *See Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) (no excessive force against inmate when guards deny inmate's request for pain medication, and administer a single shot of pepper spray, as a proportionate response when inmate becomes agitated and refuses to obey orders); *see also Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (finding a jailor's kick to pretrial detainee's face, resulting in fractures, not to be excessive force under the Fourteenth Amendment where inmate was struggling with other officers and had not yet been secured, and officers immediately offered medical care, the court there noting "use of force does not 'shock the conscience' if it is applied in 'a good-faith effort to maintain or restore discipline.'")

The Court will grant Plaintiff an opportunity to amend this claim. In order to state a cognizable claim for excessive force in an amended complaint, Plaintiff must provide truthful facts, not just speculation or suspicion, that support the allegation that, under the circumstances, each named defendant acted unreasonably, maliciously, sadistically, or motivated by a desire to cause harm to Plaintiff. *See Dennis v. Huskey*, 2008 U.S. Dist. LEXIS 10582, 2008 WL 413772, *4, *5 (E.D. Cal. Feb.13, 2008) (Plaintiff provided sufficient factual detail to support the allegation that the defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline).

## CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies identified by the Court in this order. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

///

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. If Plaintiff chooses to amend, Plaintiff's amended complaint must be filed within thirty (30) days from the date of service of this order;

3. If Plaintiff does not file an amended complaint within this time frame, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

Dated: __January 14, 2014__         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE